UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-MJ-02824-ELFENBEIN

IN RE SEALED COMPLAINT
_____/

FILED BY ___ER___ D.C.
Apr 22, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:    /s/ Daniel Rosenfeld
DANIEL ROSENFELD
Assistant United States Attorney
Court ID No. A5503081
United States Attorney's Office
99 Northeast Fourth Street
Miami, Florida 33132-2111
Tel: 305-961-9268
Email: Daniel.Rosenfeld@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Olden Javier Andrade Barahona,<br>*Defendant.* | )<br>)<br>) Case No. 25-MJ-02824-ELFENBEIN<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 13, 2025__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry of a Removed Alien |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____ Badge No. 10024
*Complainant's signature*

Christopher Peters, Special Agent, HSI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: April 22, 2025

_____
*Judge's signature*

City and state:   Miami, Florida        Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Peters, being duly sworn, do hereby depose and state the following:

## INTRODUCTION

1) I am employed as a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, in Miami, Florida, and have been so employed since June 2021. I am currently assigned to the National Security Group, where I am responsible for investigating matters within the jurisdiction of DHS, including violations of the immigration and customs laws of the United States. I was previously assigned to conduct financial investigations where I investigated complex financial crimes. I have completed training regarding proper investigative techniques, including the application for and execution of search, arrest, and seizure warrants, for violations of federal laws while attending the Criminal Investigator Training Program and HSI Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. Before becoming a Special Agent, I graduated with a bachelor's degree in Criminal Justice and a minor in Military Leadership. I was commissioned as an officer in the United States Army and achieved the rank of Captain. I deployed twice to Afghanistan in support of Operation Enduring Freedom. During active duty, I earned a master's degree with honors in Business and Organizational Security Management and joined the Delta Mu Delta National Honor Society in 2015. In September 2017, I left active duty service and became a supervisor for the U.S. Department of Energy at the Los Alamos National Laboratory.

2) This Affidavit is submitted in support of a criminal complaint charging Olden Javier ANDRADE Barahona ("ANDRADE") with having entered, and attempted to enter, and being found in, the United States as an alien who had been previously deported, excluded, or removed from the United States, in violation of Title 8, United States Code, Section 1326(a).

3)      The statements contained in this Affidavit are based on my personal knowledge, as well as information provided to me by other law enforcement officials and witnesses involved in this investigation. I have not included in this Affidavit each and every fact known to me. Rather, I have included only the facts that are sufficient to establish probable cause for the issuance of a criminal complaint against ANDRADE for the above-described criminal violation.

## PROBABLE CAUSE

4)      On or about February 6, 2025, a Source of Information ("SOI")—who provided their name and number—reported that "Olden Andrades" was a criminal alien who had been previously removed from the United States.

5)      The SOI further identified ANDRADE's home address as 5790 NW 29th Street, Miami, FL 33142 ("the Residence") and identified "R.C." (a/k/a "R.N.C.C."), as ANDRADE's wife, who was also located at the Residence.

6)      The SOI further stated that "[ANDRADE] was recently deported, however, [R.C.] was able to bring him back at 20k."

7)      Florida's Department of Highway Safety and Motor Vehicles database revealed a record dated January 3, 2024, in which ANDRADE purchased a silver 2019 Cadillac SUV ("the Vehicle"). This transactional record also has a copy of a Honduran passport bearing number E918797 and ANDRADE's image filed with the purchase documents. The Vehicle is assigned Florida license plate GQSB31. R.C. is listed as "Name of Insured" for the Vehicle.

8)      Honduran passport E918797 matches the copy of ANDRADE's passport maintained in his A-File.

9)      On or about February 13, 2025, law enforcement observed the Vehicle at the Residence. The Vehicle was operated by a female matching the description of R.C. Law

enforcement saw an individual matching ANDRADE's description inside of the curtilage of the Residence on this date.

10) The following posts were found on a Social Media Account, in the name of "R.C." and bearing the image of R.C. The dates below are approximate:

    a) June 21, 2022: Picture of ANDRADE with a child on a dirt bike and a dog ("Dog 1") in the foreground. The picture appears to have been taken at the Residence. The dark color dog, Dog 1, featured in this picture was observed on or about February 13, 2025, at the Residence.

    b) October 19, 2023: Various videos and pictures of ANDRADE hugging his children in a location tagged as Pigeon Forge, TN. A commenter on one of the videos, "E.R." stated, "Saludos un Fuerte abrazo, que bendicion que esten juntos de nuevo" in Spanish, which informally translates as, "Greetings, a big hug, what a blessing to have you together again."

    c) December 20, 2023: Picture of ANDRADE with R.C. and an unidentified female. "Olden Andrades" is tagged in the picture which leads to Social Media Account 2. Social Media Account 2 bears the image of ANDRADE.

    d) March 8, 2024: Picture of ANDRADE with a silver Cadillac SUV, matching the Vehicle. This picture was taken in the Residence carport. The Vehicle in this picture is parked in the same place where law enforcement witnessed the Vehicle parked on or about February 13, 2025.

    e) May 29, 2024: Video of ANDRADE walking around in the carport area towards the front gate of the Residence.

f)  January 20, 2025: A video outside of the Residence showed the dark color dog described above, Dog 1, as well as a smaller dog, Dog 2. Dog 2 in this picture matches one observed at the Residence on or about February 13, 2025.

11) ANDRADE's criminal history includes arrests for driving without a valid drivers license (2021) and three counts of battery (2023).

12) Immigration records revealed that, on or about October 5, 2005, an immigration judge ordered ANDRADE's removal from the United States. On or about April 27, 2006, ANDRADE was removed from the United States pursuant to this order.

13) On or about February 5, 2010, ANDRADE was again removed from the United States, following a reinstatement of his order of removal.

14) On or about June 16, 2023, ANDRADE was removed for a third time from the United States.

15) Records checks reveal that ANDRADE did not have the consent of the Attorney General or the Secretary of Homeland Security for the United States to reapply for admission to the United States.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

16) Based on the foregoing facts, your affiant respectfully submits that there is probable cause to believe that ANDRADE entered, and attempted to enter, and was found in, the United States as an alien who had been previously deported, excluded, or removed from the United States, in violation of Title 8, United States Code, Section 1326(a).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____ Badge No. 10024
CHRISTOPHER J. PETERS
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this  22nd  day of April 2025.

_____
HONORABLE MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE

5